**Ali ESSEILY, Plaintiff–Appellant,**

v.

**Rudolph GIULIANI, Defendant– Appellee.**

**Docket No. 01–7179.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2001.

Ali Esseily, Dearborn, MI, pro se.

George Gutwirth, Assistant Corporation; Michael D. Hess, Corporation Counsel of the City of New York, New York, NY, on the brief, for appellee.

Present JACOBS, SACK and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ali Esseily, *pro se* and fee paid, appeals the district court's dismissal for failure to state a claim of Esseily's suit. Esseily, allegedly the victim of a robbery, submitted a FOIA request to the Mayor of New

York City, Rudolph Giuliani, and to the New York City Police Department for "any and all follow-up reports" and "investigative reports" concerning the crime. Unsuccessful, Esseily filed a rambling complaint, charging Mayor Giuliani, *inter alia*, with "protect[ing][J]ewish criminals".

Construing Esseily's complaint indulgently, the district court deduced two claims: (1) the request under FOIA; and (2) a demand that unspecified private individuals be arrested and prosecuted. The district court held (1) that FOIA applies only to federal agencies and (2) that Esseily lacked standing to compel prosecutions of private individuals. We affirm.

1. Under FOIA, governmental agencies must make certain documents available for public information purposes. 5 U.S.C. § 522(a). The statute defines "agency" as an "authority of the Government of the United States." 5 U.S.C. § 551(1). Accordingly, FOIA applies only to federal agencies—not to state, city, and local bodies. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir.1999).

2. Standing is a threshold issue in every federal case. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). When a claimant lacks standing, the court has no subject matter jurisdiction to hear the case. *In re United States Catholic Conference*, 885 F.2d 1020, 1023 (2d Cir.1989). It is well-settled that a private citizen has no judicially cognizable interest in the prosecutorial decision as to whether or not to prosecute another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.